**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUSTIN MICHAEL THUEMLER,<br><br>            Plaintiff,<br><br>       v.<br><br>STANISLAUS COUNTY DISTRICT ATTORNEY, et al.,<br><br>            Defendants. | Case No.: 1:16-cv-00182-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF COMPLAINT, WITHOUT LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Justin Michael Thuemler is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

This instant complaint was filed in the United States District Court for the Eastern District of California, Sacramento Division, and was transferred and filed in this division on February 1, 2016.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

On September 24, 2013, Plaintiff was sentenced to six years imprisonment in the Stanislaus County Superior Court, despite the fact that he tried to tell the sentencing court that his life was in danger. As relief, Plaintiff requests to overturn his confinement so the individuals who want to kill him cannot find him.

## III.
## DISCUSSION

A challenge to conditions of confinement is properly raised in a civil rights action, a challenge to the fact and/or the duration of confinement must be raised in a petition for writ of habeas corpus. 28 U.S.C. § 2254(a); Badea v.Cox, 931 F.2d 573, 574 (9th Cir. 1991) (citing Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S.Ct. 1827, 1833 (1973)); accord Beardslee v. Woodford, 395 F.3d 1064, 1068-69

(9th Cir. 2005) (per curiam).  To the extent Plaintiff wishes to challenge his conviction and/or sentence, his sole remedy is to file a petition for writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. at 500.  Indeed, on February 1, 2016, Plaintiff filed a petition for writ of habeas corpus in this Court in Justin Michael Thuemler v. Stanislaus County, 1:16-cv-00175-MJS (HC), which is presently pending.  In that petition, Plaintiff challenges his September 24, 2013, Stanislaus County conviction which resulted in a six year prison term and contends he was threatened into a plea.  (1:16-cv-00175-MJS, ECF No. 1, Petition, at 1.)  Plaintiff's instant challenge to his Stanislaus County conviction and/or sentence is not cognizable by way of a section 1983 complaint, and the action must be dismissed for failure to state a cognizable claim for relief.[1]  Because this defect cannot be cured by amendment, dismissal without leave to amend is warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed, without leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 11, 2016**

UNITED STATES MAGISTRATE JUDGE

---

[1] Although Plaintiff did not pay the filing fee or file an application to proceed in forma pauperis, the Court elects to proceed with this action because it clearly must be dismissed, without leave to amend, for failure to state a cognizable claim.